UNITED STATES, Appellee

v.

MOSES I. AVERY, Private First Class, U. S. Army, Appellant

1 USCMA 533, 4 CMR 125

No. 809

Decided August 6, 1952[1]

---

[1] Decision dated July 7, 1952, withdrawn.

LT. COL. Stewart H. Legendre, USA, and 1ST LT. Park B. Dilks, Jr., USA, for Appellant.

LT. COL. Thayer Chapman, USA, and 1ST LT. Kenneth A. Howard, USA, for Appellee.

## Opinion of the Court

PER CURIAM:

Upon trial by general court-martial the accused was found guilty of assault with intent to commit murder, in violation of Article 134, Uniform Code of Military Justice, 50 USC § 728. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances and confinement at hard labor for fifteen years. The convening authority approved and the board of review affirmed the findings and sentence without modification, and accused has petitioned for grant of review.

The principal issue in this case concerns the instructions of the law officer. The record discloses a shooting in a tent after an evening of considerable drinking. The only instructions on the elements of the offense charged were as follows:

"a. That the accused assaulted a certain person, as alleged; and

"b. The facts and circumstances of the case showing the existence at the time of the assault of the intent of the accused to murder."

This was followed by standard instructions on presumption of innocence, burden of proof and reasonable doubt.

It is apparent from previous decisions of this Court that prejudicial error was committed by the failure of the law officer to define the crime of murder, essential to an understanding of the element of specific intent involved in this offense. United States v. Banks (No. 382), 1 USCMA 479, 4 CMR 71, decided July 24, 1952; United States v. Drew (No. 422), 1 USCMA 471, 4 CMR 63, decided July 23, 1952. We note also that the evidence of intoxication fairly raises the possibility of findings as to a lesser included form of assault not involving the element of specific intent. United States v. Drew, supra; Manual for Courts-Martial, United States, 1951, para. 207b(1). The court should have been instructed on the elements of this offense.

The petition is granted, the decision of the board of review is reversed, and the record is returned to The Judge Advocate General of the Army for rehearing or other action not inconsistent with the views expressed herein.

Judge LATIMER did not participate in the decision in this case.